**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**

| | | |
|---|---|---|
| JOHNNY HATFIELD, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: _____ |
| v. | ) | |
| | ) | |
| 3M COMPANY f/k/a MINNESOTA | ) | **DEFENDANT 3M COMPANY'S** |
| MINING AND MANUFACTURING | ) | **NOTICE AND CERTIFICATE** |
| COMPANY, a foreign corporation; | ) | **OF REMOVAL** |
| | ) | |
| MINE SAFETY APPLIANCES | ) | |
| COMPANY, LLC a foreign limited | ) | |
| liability company, f/k/a MINE SAFETY | ) | |
| APPLIANCES COMPANY, a foreign | ) | |
| corporation; | ) | |
| | ) | |
| AMERICAN OPTICAL CORPORATION, | ) | |
| a foreign corporation; | ) | |
| | ) | |
| MINE SERVICE COMPANY, INC., a | | |
| Kentucky corporation; and | | |
| | | |
| KENTUCKY MINE SUPPLY COMPANY, | | |
| a Kentucky corporation | | |
| | | |
| Defendants | | |


## NOTICE OF REMOVAL

3M Company gives notice of removing this case from the Pike Circuit Court to the

United States District Court for the Eastern District of Kentucky, Southern Division at

Pikeville. This District and Division are the proper place to remove this case pending in Pike Circuit Court (cause number 19-CI-00503).[1]

## INTRODUCTION

Eastern Kentucky is awash in claims about respirators. Thousands of former and current coal miners allege that they wore various out-of-state manufacturers' respirators to protect against black lung (also known as coal workers' pneumoconiosis, or CWP), but still developed black lung.

Nearly all of these thousands of plaintiffs join claims against two local Eastern Kentucky mine supply stores, Mine Service Company (MSC) and Kentucky Mine Supply Company (KMSC) (collectively, "Supplier Defendants"). The plaintiffs allege that, despite Kentucky's innocent-seller or "Middleman" statute's provision of immunity, these two local stores knew or reasonably should have known that the respirators they allegedly sold were defective.

The pattern is clear: after naming and serving the Supplier Defendants, plaintiffs then ignore them. Plaintiffs never seek discovery from the Supplier Defendants, depose their employees, or ask other deponents about them.[2]

Plaintiffs represented by counsel Hare Wynn and Minner Vines Moncus (MVM) have followed that pattern. These attorneys represent hundreds of similarly situated

---

[1]     28 U.S.C. § 1441(a). The state court record is attached as Exhibit 1.

[2]     3M is aware of a few recent exceptions to this general pattern, in cases brought by a different plaintiffs' counsel, Mike Martin. Mr. Martin has served written discovery on the Supplier Defendants in a handful of cases in 2022.

plaintiffs; they all make claims against the same two Supplier Defendants, yet there have been zero attempts to develop evidence in support.

3M removed two of counsel's respirator cases in March 2022, *Bowen*[3] and *Marcum*.[4] The basis for removal was the complete failure to develop evidence against the Supplier Defendants, showing fraudulent joinder and bad faith.[5] The notice of removal called out counsel's pattern and practice of failing to develop their clients' claims against the Supplier Defendants.

This removal concerns another respirator case brought by the same lawyers. As in *Bowen* and *Marcum*, one Plaintiff's case (Henry Preece) is set for as the back-up plaintiff for an August 1 trial.[6] As in *Bowen* and *Marcum*, Preece has done nothing to develop his claims against the Supplier Defendants; he finally confirmed that on June 24, when he served his trial exhibit list. And as in *Bowen* and *Marcum*, there is no reason to think the other Plaintiffs will litigate their claims against the Supplier

---

[3]     *Bowen v. 3M Co.*, No. 7:22-cv-13-REW-HAI. 3M subsequently refers to this case as *Bowen*.

[4]     *Castle v. 3M Co.*, No. 7:22-cv-14-REW-HAI. 3M subsequently refers to this case as *Marcum*, because its trial plaintiff is Milton Marcum.

[5]     *Bowen*, Doc. 1 at 7; *Marcum*, Doc. 1 at 8.

[6]     Preece's claims would be tried if those of Tommy Tackett, the lead plaintiff in the companion removed case, were not.

Defendants. Federal jurisdiction is proper here for the same reasons as in *Bowen* and *Marcum*.

Now that we are several months past the *Bowen* and *Marcum* removals, even more evidence has emerged, underscoring how clients represented by these lawyers fail to develop their claims against the Supplier Defendants. This includes:

- 3M served requests for admission, a request for production, and an interrogatory in Preece and the the companion removed case (Tommy Tackett), asking Tackett and Preece to either admit they had no evidence against the Supplier Defendants, or produce and identify that evidence. Instead of answering that simple question, counsel interposed a spurious objection.

- In two of counsel's other cases (*John Anderson* and *Earl Daniels (James Patrick)*), when 3M served the same discovery, counsel interposed a different, equally spurious objection.

- Tackett and Preece have served their trial exhibit lists, identifying hundreds of exhibits. Neither list discloses evidence against the Supplier Defendants.

- Tackett and Preece also have served witness lists. Neither identifies any witness associated with the Supplier Defendants by name, only that the Plaintiffs may call a "representative" of the Supplier Defendants. Neither Plaintiff has deposed or subpoenaed a Supplier Defendant's employee or officer to testify at trial.

In 2018, when about 760 plaintiffs had pending claims against 3M,[7] this Court gave "fair warning" that "as these cases develop, it would raise an eyebrow here as to what's happening with these suppliers."[8] Despite that "fair warning," counsel across Eastern Kentucky have continued bringing thousands of lawsuits against the Supplier Defendants, without engaging in discovery.

---

[7]   Exhibit 2 (chart summarizing pending respirator lawsuits against 3M as of January 1, 2018).

[8]   Exhibit 3 (Transcript of June 15, 2018 hearing in *Williams v. 3M Co.*, No. 7:18-cv-0063) at 32.

Time has proven that this Court was right to be "concerned" about "what's happening with these suppliers" "as these cases develop."[9] It is now time for this Court to take the next step. Preece's complete failure to engage in discovery involving the Supplier Defendants shows the Supplier Defendants have been fraudulently joined.

## PROCEDURAL HISTORY

This action was filed in Pike Circuit Court on April 26, 2019. Counsel joined four Plaintiffs: Johnny Hatfield, Wesley Justice, Bob Prater, and Henry Preece.[10] The Defendants are three respirator manufacturers—3M, American Optical (AO), and Mine Safety Appliances (MSA)—and the two Supplier Defendants.[11]

**Henry Preece** is a West Virginia domiciliary.[12] The Complaint alleges he used 3M and MSA respirators,[13] but he testified he used 3M respirators exclusively while working at coal mines.[14] He has dismissed his claims against AO and MSA.[15]

---

[9]    *Id.*

[10]   Exhibit 4 (Complaint (also attached as part of the state-court record; Apr. 26, 2019)) at ¶ 1.

[11]   Complaint at ¶¶ 2-6.

[12]   Complaint at ¶ 1.

[13]   Complaint at ¶ 1.

[14]   Exhibit 5 (Sept. 30, 2020 Deposition of Henry Preece, "Preece Dep.") at 123:17-124:8.

[15]   Agreed Orders (attached as part of the state-court record; Apr. 8, 2020 (AO), Sept. 25, 2020 (MSA)).

On March 28, 2022, the circuit court set Preece's claims as the back-up for trial beginning August 1.[16] An agreed scheduling order was entered April 28.[17] Fact discovery was set to close May 13,[18] but both Preece and 3M continued conducting fact witness depositions after May 13.

Preece was first diagnosed with pneumoconiosis in 1998, and he began seeking West Virginia compensation benefits that year.[19] He also sought West Virginia benefits in 2002 and federal benefits in 2018.[20] He admitted he wore respirators to prevent inhaling coal dust, which he knew caused lung disease.[21]

3M moved for summary judgment, asserting Preece's 2019 lawsuit was untimely under Kentucky's one-year statute of limitations.[22] As this Court has repeatedly concluded, respirator plaintiffs who fail to investigate why they developed black lung despite alleged respirator use cannot, as a matter of law, avail themselves of Kentucky's discovery rule.[23] The Supplier Defendants also sought summary judgment, contending

---

[16]   Order of Pretrial/Jury Trial (attached as part of the state court record; Mar. 28, 2022).

[17]   Exhibit 6 (Scheduling Order (also attached as part of the state court record; Apr. 28, 2022)).

[18]   *Id.*

[19]   Exhibit 7 (3M's Motion for Summary Judgment on All Claims of Plaintiff Henry Preece (also attached as part of the state court record; June 24, 2022)) at 6.

[20]   *Id.*

[21]   Preece Dep. 217:2-13.

[22]   Exhibit 7 at 1.

[23]   *Roark v. 3M Co.*, --- F. Supp. 3d ---, 2021 WL 5410887, at *4 (E.D. Ky. 2021); *Adams v. 3M Co.*, No. 12-61-ART, 2013 WL 3367134, at *4-5 (E.D. Ky. July 5, 2013); *Boggs*

that Preece had a "complete absence of sufficient evidence of causation."[24] These motions are pending.

**Johnny Hatfield** is a West Virginia domiciliary who allegedly used 3M, MSA, and AO respirators.[25] He has dismissed his claims against 3M and AO.[26]

**Wesley Justice** is a Tennessee domiciliary who allegedly used 3M and MSA respirators.[27] He hasn't been deposed.

**Bob Prater** is a Kentucky domiciliary who allegedly used 3M, MSA, and AO respirators.[28] He hasn't been deposed.

**Third-Party Defendants**

Over Preece's objection,[29] 3M was granted leave to file a third-party complaint against Preece's former mining employers, seeking indemnity, contribution, and/or

---

v. 3M Co., No. 11-57-ART, 2012 WL 3644967, at *3-6 (E.D. Ky. Aug. 24, 2012), *aff'd*, 527 F. App'x 415 (6th Cir. 2013).

[24]   Exhibit 8 (Mine Service Company's and Kentucky Mine Supply's Joint Motion for Summary Judgment (also attached as part of the state court record; June 24, 2022)) at 2.

[25]   Complaint at ¶ 1.

[26]   Agreed Orders (attached as part of the state court record; Mar. 10, 2020 (3M), Sept. 25, 2020 (AO)).

[27]   Complaint at ¶ 1.

[28]   Complaint at ¶ 1.

[29]   Preece's Response Opposing 3M's Motion for Leave to File Third-Party Complaint (attached as part of the state court record; Apr. 26, 2022).

4883-4808-8360, v. 1

apportionment.[30] A number of former employers have been served and are now Third-Party Defendants.

## GROUNDS FOR REMOVAL

Removal is based on federal diversity jurisdiction, 28 U.S.C. § 1332; the supplemental jurisdiction statute, 28 U.S.C. § 1367; the general removal statute, 28 U.S.C. § 1441; and the doctrine of fraudulent joinder. (Section 1446(c)(1)'s time limit for diversity removals doesn't apply because this case was filed less than one year ago.)

The full legal argument supporting removal is articulated in the *Bowen* and *Marcum* notices of removal and in 3M's briefing on those plaintiffs' motions to remand. Rather than repeat that detailed argument here, 3M incorporates those papers by reference. The sections below identify why federal jurisdiction is proper and provide additional information supporting removal.

## I.   This Court has jurisdiction over Plaintiffs' claims against the properly joined Respirator Defendants, and over 3M's claims against the Third-Party Defendants.

This Court has jurisdiction. Plaintiffs' claims against the Respirator Defendants satisfy diversity jurisdiction. Plaintiffs' claims against the non-diverse Supplier Defendants are immaterial because the Supplier Defendants are fraudulently joined. 3M's claims against the Third-Party Defendants don't require an independent jurisdictional basis; supplemental jurisdiction encompasses those claims.

### A.  Plaintiffs are completely diverse from the Respirator Defendants, and more than $75,000 is plausibly at issue.

---

[30]   3M's Third-Party Complaint (attached as part of state court record; May 3, 2022).

Plaintiffs are West Virginia, Kentucky, and Tennessee domiciliaries, and the three Respirator Defendants are completely diverse. 3M is a Delaware corporation with a Minnesota principal place of business.[31] MSA is an LLC that, for diversity purposes, is a citizen of Pennsylvania.[32] AO is a Delaware corporation with a Connecticut principal place of business.[33]

The amount in controversy is satisfied. On July 7, 2022, Plaintiffs filed supplemental interrogatory answers admitting that they will seek up to $50,000,000 in compensatory damages and up to $100,000,000 in punitive damages.[34]

### B. Plaintiffs' claims against the Supplier Defendants are fraudulently joined.

"A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."[35] A defendant is not fraudulently joined if "a colorable basis [exists] for predicting that a plaintiff may recover against [the non-diverse] defendant."[36] In evaluating

---

[31]    Exhibit 9 (3M's Answer).

[32]    *Bowen* Doc. 1-6 (MSA's Response to Court's November 4, 2020 Order, *Mullins v. Mine Safety Appliances Co., LLC*, No. 7:20-cv-00136-REW-EBA (E.D. Ky. Nov. 13, 2020) [Doc. 6 at 1]) (discussing LLC membership and representing that MSA "is a citizen of Pennsylvania" for diversity purposes).

[33]    *Bowen* Doc. 1-7 (AO's Corporate Disclosure, *Baskin v. Am. Optical Corp.*, No. 2:21-cv-01787-LMA-MBN (E.D. La. Sept. 29, 2021) [Doc. 6 at 1] (representing that AO "is a privately held Delaware corporation with its principal place of business in Connecticut").

[34]    Exhibit 10 (Plaintiff Henry Preece's Supplemental Answers to Joint Interrogatories).

[35]    *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (alteration, and internal quotation marks omitted; quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

[36]    *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 654 (6th Cir. 2015).

4883-4808-8360, v. 1

fraudulent joinder, courts look beyond the pleadings to "consider summary judgment evidence" and determine "whether there are undisputed facts that negate the claim."[37] Factual controversies are resolved in the plaintiff's favor, "but only when there is an actual controversy"; courts do not "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts" to negate fraudulent joinder.[38]

### 1. Counsel have chosen to litigate Preece's case like Bowen's and Marcum's.

Referring the Court to the *Bowen* and *Marcum* papers for additional details on the law of fraudulent joinder,[39] 3M highlights the facts showing fraudulent joinder here:

1. Preece never served a single interrogatory on the Supplier Defendants.

2. Preece never asked them to produce a single document.

3. Preece never asked them to admit anything.

4. Preece never sought to depose them (or their employees).

---

[37]    *Casias*, 695 F.3d at 433 (internal quotation marks and citation omitted).

[38]    *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis and citation omitted).

[39]    *See, e.g.*, *Alexander*, 13 F.3d at 949 (discussing standard); *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16md2734, 2018 6258903, at *6-7 (N.D. Fla. Nov. 8, 2018) (no fraudulent joinder where "there [was] no pattern of individual plaintiffs bringing suit against [a non-diverse defendant] and then failing to follow through with discovery"); *Kent v. Bank of Am., N.A.*, Civ. No. 11-2315, 2012 WL 3582759, at *16 (D. Minn. 2012) (plaintiffs' counsel's pattern and practice showed non-diverse defendants joined solely to defeat diversity jurisdiction); *Bennett v. Ford Motor Co.*, No. 5:07CV-115-R, 2007 WL 4561281, at *2-3 (W.D. Ky. Dec. 21, 2007) (non-diverse defendant fraudulently joined where plaintiff engaged in "little attempt, if any, to develop a case against" that defendant); *In re Diet Drugs*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (non-diverse pharmacies fraudulently joined where mass pharmaceutical litigation plaintiffs routinely voluntarily dismissed them after one-year removal time limit passed); *Hardy v. Ajax Magnathermic Corp.*, 122 F. Supp. 2d 757, 761 (W.D. Ky. 2000) (non-diverse defendant fraudulently joined where "Plaintiffs took virtually no discovery and had no facts to have any reasonable basis for a claim against" that defendant).

**5.** Other than submitting an unnamed representative, Preece never offered witnesses (fact or expert) to testify concerning them. He also hasn't subpoenaed any official or employee of the Supplier Defendants to testify at trial.

**6.** Preece never sought to develop evidence concerning them in three fact-witness depositions (Robert Mills, Dorothy Preece and Josh Preece).

That is all likewise true in *Bowen* and *Marcum*, represented by the same counsel as Preece. 3M's removals pointed out these facts, months ago, as evidencing fraudulent joinder. Preece's counsel chose to litigate Preece's case the same way. Counsel's failure to develop any case against the Supplier Defendants even *after* the *Bowen* and *Marcum* removals can only be described as a deliberate choice. That choice has consequences.

### 2.  Additional evidence showing fraudulent joinder.

The evidence in this case goes beyond that of *Bowen* and *Marcum*, further supporting a finding of fraudulent joinder:

**7.** On April 13, 3M served requests for admission, an interrogatory, and a request for production on Preece.[40] This discovery asked Preece to either (1) admit he has no evidence supporting his claims against the Supplier Defendants[41] or (2) produce the documents supporting anything other than unqualified admissions and detail the

---

[40]   Exhibit 11 (Defendant 3M Company's First Set of Requests for Admission and Second Set of Interrogatories and Requests for Production of Documents; April 13, 2022). 3M served identical discovery on Tommy Tackett, lead trial plaintiff in the companion removed case.

[41]   To be precise, 3M asked Preece to admit that he had no evidence that KMSC or MSC sold the respiratory protection devices he wore at any time during his career, and that he had no evidence that KMSC or MSC sold the respiratory protection devices he wore at each of the mines where he worked. *Id.*

supporting grounds.[42] The Kentucky court rules gave Preece 30 days, until May 13, to respond.[43]

On May 16, Preece dodged these simple questions. Refusing to either (1) admit he has no evidence or (2) produce the evidence, he instead objected that a Kentucky rule gave him an additional three days from May 13 to serve responses,[44] and that he couldn't be required to answer on May 16 because "the parties had agreed that fact discovery would be completed by May 13, 2022."[45]

That objection—plainly designed to avoid providing the Respirator Defendants definite information supporting removal—was groundless. Although an agreed scheduling order initially set fact discovery to close on May 13, the parties completed fact discovery well after that date. Both 3M and Preece deposed fact witnesses as late as May 24, 2022.[46] And Preece himself served discovery on 3M on May 12, meaning 3M's response was due *after* May 13.[47] Preece and his counsel didn't serve that discovery believing that 3M wasn't required to respond.

---

[42]    *Id.*

[43]    CR 36.01(2); CR 33.01(2); CR 34.02(1).

[44]    CR 6.05.

[45]    Exhibit 12 (Plaintiff Henry Preece's Objections to Defendant 3M Company's First Set of Requests for Admission and Second Set of Interrogatories and Requests for Production of Documents; May 16, 2022).

[46]    Exhibit 13 (Deposition of Robert Mills; May 24, 2022).

[47]    Exhibit 14 (Plaintiff's Third Requests for Production of Documents to 3M; May 12, 2022).

So, when Preece and his counsel refused to answer 3M's simple questions on May 16 based solely on the purported May 13 fact discovery deadline, he and his counsel knew that objection was spurious. 3M moved to deem the requests admitted or, alternatively, to compel Preece to answer. The circuit court heard the motion at the June 30 pretrial conference, and it remains pending.[48]

**8.** Counsel engaged in similar ploys in two other respirator cases. 3M served the same discovery on those plaintiffs.[49] Again, counsel objected instead of answering these simple requests.

This time, the objection was that the Kentucky court rules don't permit using requests for admission to determine if evidence exists.[50] Counsel relied on a 1965 Kentucky case, never since cited for that proposition, which predated the 1971 overhaul of Kentucky's court rule on requests for admissions (CR 36). That amendment "broadened" the rule to "conform" to the expanded CR 26.02.[51] 3M has moved to deem

---

[48]    Exhibit 15 (3M's Motion to Deem Admitted 3M's First Set of Requests for Admission, or in the Alternative, Motion to Compel).

[49]    Exhibit 16 (3M's First Set of Requests for Admission and Section Set of Interrogatories and Requests for Production of Documents to James Patrick; 05/19/2022; 3M's First Set of Requests for Admission and Section Set of Interrogatories and Requests for Production of Documents to John Anderson; 05/19/2022).

[50]    Exhibit 17 (James Patrick's Response to 3M Company's First Set of Requests for Admission, Second Set of Interrogatories, and Third Requests for Production of Documents; 6/17/2022; John Anderson's Response to 3M Company's First Set of Requests for Admission, Second Set of Interrogatories, and Third Requests for Production of Documents; 6/17/2022).

[51]    CR 36.01 (Sup. Ct. Comment. to 1971 Amend.) ("This Rule is substantially all new. The scope has been broadened to conform to the new Rule 26.02.").

those requests admitted or to compel a response; and to compel a response to the accompanying interrogatory and request for production.

As with Tackett and Preece, the same lawyers interposed spurious objections in other cases, instead of either (1) admitting their clients have no evidence to support their claims against the Supplier Defendants or (2) producing that evidence. Counsel's refusal to answer these simple questions—in multiple respirator cases—can only mean one thing: there's no evidence to support those claims.

**9.**   At the June 30 pretrial conference, Preece's counsel announced in open court that the Supplier Defendants "won't be participating."[52] The Supplier Defendants didn't appear at the pretrial conference in a case whose plaintiff is supposedly pursuing claims against them.

**10.**   Although the trial exhibit list Preece served on June 24 identifies 228 exhibits he intends to offer at trial, **zero exhibits** relate to the Supplier Defendants. That means Preece isn't offering, for example, sales records showing the Supplier Defendants sold the respirators he supposedly used to his mine employers. Nor is he offering documents to surmount their Middleman immunity.

### 3.   Preece's exhibit list finally provided the solid and unambiguous information of fraudulent joinder.

Given Preece's refusal to say whether he has evidence supporting his claims against the Supplier Defendants, his exhibit list, served on 3M on June 24, finally

---

[52]   As the Court knows, Kentucky courts use a video recording as the official transcript. The recording starts partway through the pretrial conference, after Preece's counsel made this statement. The undersigned represents to the Court that he heard Preece's counsel make this statement in open court, and that the Supplier Defendants did not participate in the pretrial conference. The undersigned can provide an affidavit to that effect if it would assist the Court.

4883-4808-8360, v. 1

provided the "solid and unambiguous information that the case is removable."[53] It lays bare that—by his and his counsel's choice—he cannot support his allegation that "upon information and belief," the Supplier Defendants "sold and distributed respirators manufactured and distributed by the" Respirator Defendants.[54] The exhibit list shows that Preece never had information to support that belief, and it cements Preece's complete failure to use discovery to locate that information.

By his and his counsel's choice, Preece cannot show that he ever used a product that the Supplier Defendants sold. He could have asked his former employers to turn over records or deposed them, or he could have sought discovery from the Supplier Defendants themselves. But instead, he fought tooth and nail to keep his former employers out of this case, presumably so fault couldn't be apportioned to them,[55] interposed spurious objections to 3M's requests for admissions aimed at ferreting out whether the Supplier Defendants sold respirators to his employers, and never propounded discovery to the Supplier Defendants.[56]

And, by his and his counsel's choice, Preece cannot show why the Supplier Defendants knew, or reasonably should have known, that respirators they sold were

---

[53]   *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015).

[54]   Complaint at ¶ 6.

[55]   Exhibit 18 (response opposing leave to file third-party complaint).

[56]   *See Hardy*, 122 F. Supp. 2d at 761 ("The question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. Here, there is no such reasonable basis now and no evidence suggests a reasonable basis at the time Plaintiffs filed their complaint four years ago.").

defective. That is his burden to overcome the Suppliers' Middleman immunity.[57] Without any evidence, he cannot do that.[58]

Nothing prevented Preece from attempting to develop evidence, just as nothing prevented Darrell Bowen, Milton Marcum, and hundreds of other similarly situated plaintiffs from doing developing evidence against the Supplier Defendants. Preece has no evidence because he chose not to seek it. The only possible explanation is that Preece and his counsel were finished with the Supplier Defendants as soon as the Complaint was filed. He and his counsel chose to join those claims to defeat diversity jurisdiction, and have kept the Supplier Defendants in the case for that purpose with no evidence to support the claims against them. That is fraudulent joinder.

### 4. Preece's complete failure to pursue the Supplier Defendants is part of a broader pattern and practice of fraudulent joinder.

This case isn't isolated. Plaintiffs are among thousands who have sued the same two local mine supply stores, only to never pursue discovery about those claims. The Court recognized these "concern[ing]" practices in 2018. They have only become more characteristic since that "fair warning."[59] The number of plaintiffs making the same allegations against the Supplier Defendants, but never pursuing those claims, has exploded. This clear pattern and practice contextualizes the fraudulent joinder

---

[57]   KRS 411.340; *see Bennett*, 2007 WL 4561281, at *3 ("[T]here are no facts in the record indicating that [the non-diverse defendant] had knowledge of any alleged defect at the time that it sold the automobile to Plaintiffs, which entitles [the non-diverse defendant] to immunity under Kentucky's Product Liability Act. KRS § 411.340. This Court cannot find that a reasonable basis existed for Plaintiffs' claim against Quality Ford. *See Alexander*, 12 F.3d at 949.").

[58]   *See Bennett*, 2007 WL 4561281, at *3.

[59]   Exhibit 3 [Williams Transcript] at 32.

demonstrated here. Preece and his counsel were finished with the Supplier Defendants from day one.

### 5. The other Plaintiffs also fraudulently joined the Supplier Defendants.

The other Plaintiffs' copy-and-paste claims against the Supplier Defendants are no get-out-of-federal-court-free card for Preece and their shared counsel. Courts don't "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts" to negate fraudulent joinder.[60]

The evidence showing Preece's fraudulent joinder likewise shows the other Plaintiffs' fraudulent joinder. The other Plaintiffs make the same claims against the Supplier Defendants as Tackett, Preece, Bowen, Marcum, and others. Like the other plaintiffs represented by their shared counsel, they have done nothing to litigate those claims (or their claims against any Defendant). There is no objective reason to assume their cases will be litigated differently from Tackett's, Preece's, Bowen's, or Marcum's.

### C. The Third-Party Defendants' citizenships are immaterial; the Court has supplemental jurisdiction.

3M impleaded Preece's former employers as Third-Party Defendants over Preece's objection. The Court has supplemental jurisdiction over the third-party claims.

A non-diverse third-party defendant's presence doesn't affect complete diversity that otherwise exists between plaintiffs and defendants.[61] That is because Rule 14 claims against third parties "generally do not require an independent jurisdictional basis. Instead, such claims fall within the court's supplemental jurisdiction if the impleaded

---

[60]   *Badon*, 224 F.3d at 393-94 (emphasis and citation omitted).

[61]   *Grimes v. Mazda N. Am Ops.*, 355 F.3d 566, 572 (6th Cir. 2004).

[third-party] defendant's actions share a 'common nucleus of operative fact' with the case already before the court."[62] So, for example, the Sixth Circuit concluded that a third-party complaint brought "solely to allow [the defendants] to seek an instruction apportioning fault to the [third-party defendant] if the evidence warranted," didn't thwart diversity jurisdiction, even though the third-party defendant wasn't diverse from the plaintiff.[63] District courts routinely apply this rule.[64]

3M filed Third-Party Complaints against Preece's former employers so they could be apportioned fault. Claims against the former employers plainly share a common nucleus of operative fact with Preece's claims, because the former employers controlled the mine conditions in which Preece worked. Common questions include whether the former employers complied with their federal obligation to limit coal mine dust, and what respirator training they provided Preece.

This standard Kentucky practice to set up a potential apportionment instruction doesn't affect diversity jurisdiction.[65]

## II.   Removal is timely.

Removal is timely. 3M now has "the solid and unambiguous information" that the Supplier Defendants have been fraudulently joined, and removed within 30 days of

---

[62]   *Id.* The Supreme Court has also reinforced that "defendant" as used in 28 U.S.C. § 1441(a) doesn't include third-party defendants. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748-49 (2019).

[63]   *Grimes*, 355 F.3d at 573.

[64]   *See, e.g., Affordable Constr. Servs., Inc. v. Auto-Owners Ins. Co.*, No. 1:20-cv-01016-STA-jay, 2020 WL 1955267, at *2-3 (W.D. Tenn. Apr. 23, 2020) (relying on *Grimes* to deny motion to remand).

[65]   *Grimes*, 355 F.3d at 571-73.

4883-4808-8360, v. 1

securing that information.[66] As discussed, that information came from the exhibit list, an "other paper" served on 3M on June 24.[67]

"The 30-day period [for removal] in § 1446(b)(1) starts to run only if the initial pleading contains solid and unambiguous information that the case is removable."[68] Otherwise, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable."[69]

3M finally received "solid and unambiguous" information when Preece served his exhibit list on June 24. Until that point, Preece had refused to confirm, one way or the other, whether he had evidence supporting his claims against the Supplier Defendants. Because 3M removed within 30 days after service of the exhibit list, removal is timely.[70]

### III.   Section 1446(c)(1) doesn't bar removal.

This case has been pending for more than one year. But section 1446(c)(1)'s one-year limit on diversity removals doesn't apply. Plaintiffs have fraudulently joined their claims against the Supplier Defendants, in bad faith.

---

[66]   *Berera*, 779 F.3d at 364.

[67]   *See id*. (construing "other paper" as "expansive" and including "a wide array of documents within its scope" (citing Charles Alan Wright & Arthur Miller, 14C *Federal Practice and Procedure* § 3731 (4th ed. 2009)).

[68]   *Id*. (internal quotation marks and citation omitted).

[69]   *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

[70]   28 U.S.C. § 1446(b)(3).

Courts, including this one, have long recognized that in fraudulent joinder cases, section 1446(c)(1)'s one-year limit doesn't apply.[71] That was true even before Congress made it easier to remove by adding bad faith to section 1446(c)(1); it is certainly true after that revision.[72] Bad faith is determined based on the totality of the circumstances.[73]

Referring the Court to the *Bowen* and *Marcum* papers for additional details on the law, 3M highlights the evidence showing Plaintiffs' bad faith (to the extent that a separate showing of bad faith is necessary, beyond showing fraudulent joinder):

1. Preece never served a single interrogatory on the Supplier Defendants.

2. Preece never asked them to produce a single document.

3. Preece never asked them to admit anything.

4. Preece never sought to depose them (or their employees).

5. Other than listing an unnamed representative of each Supplier Defendant on his witness list, Preece has never designated any witness (fact or expert) to testify

---

[71] *See, e.g.*, *Estate of Morgan v. Cabela's, Inc.*, No. 09-91-GFCT, 2019 WL11646777, at *4 (E.D. Ky. 2010) ("[T]he one-year time limit on removing an action from state court does not apply when a plaintiff has fraudulently joined a non-diverse defendant."); *Bennett*, 2007 WL 4561281, at *2-3 ("[T]he one-year limitation of 28 U.S.C. § 1446(b) d[oes[ not bar removal if the plaintiffs fraudulently joined the nondiverse defendant."); *Hardy*, 122 F. Supp. 2d at 759 (one-year limitation "does not bar removal . . . *if* Plaintiffs fraudulently joined the nondiverse defendant").

[72] *See, e.g.*, *Larue v. Volkswagen Grp. of Am., Inc.*, No. 1:17-cv-000001-GNS, 2017 WL 2312480, at *6 (W.D. Ky. May 26, 2017) (discussing how courts have "evaluated claims of bad faith under the [current] version of 28 U.S.C. § 1446(c) by analyzing whether the non-diverse party was fraudulently joined or was not dismissed to preclude timely removal").

[73] *See Hoyt v. Lane Constr. Co.*, 927 F.3d 287, 291-92 (5th Cir. 2019).

concerning them. He also hasn't subpoenaed any Supplier Defendant officer or employee to testify at trial.

**6.**   None of Preece's expert reports mentions the Supplier Defendants or purports to offer an opinion concerning them.

**7.**   Preece never sought to develop evidence concerning them in five fact-witness depositions.

**8.**   Preece refused to admit he has no evidence against the Supplier Defendants, yet he also refused to say he *did* have evidence against them, and refused to disclose any evidence if he has it.

**9.**   Counsel has made the same litigation choices in many cases involving the Supplier Defendants.

**10.** Counsel announced at the pretrial conference that the Supplier Defendants "won't be participating."

**11.**   Preece's exhibit list discloses 228 exhibits, but none concern the Supplier Defendants.

**12.**   Preece dismissed his claims against MSA and AO when the evidence showed he didn't use their products. Preece's exhibit list now proves that he's never had any evidence against the Supplier Defendants, yet he maintains his claims against them.

Considering the totality of these circumstances, the only reasonable conclusion is that Preece and the other Plaintiffs have fraudulently joined the Supplier Defendants, and that this was done in bad faith to defeat diversity jurisdiction. Preece's exhibit list shows that he never had any "information" to support his "belief" that the Supplier Defendants "sold and distributed respirators manufactured and distributed by the"

21

Respirator Defendants,[74] or his allegations that the Supplier Defendants' actions injured him.[75] His failure to engage in discovery to substantiate those allegations shows they were, from the beginning, made fraudulently and in bad faith. And there is no objective reason to suppose that the other Plaintiffs, represented by the same counsel, will litigate their claims any differently from Preece's, Tackett's, Bowen's, Marcum's, or those of any of the other plaintiffs whom these lawyers represent.

3M anticipates that Plaintiffs will point to the fact that they haven't dismissed their claims against the Supplier Defendants as evidencing their lack of bad faith. But the failure to dismiss these claims is precisely the point. Preece dismissed his claims against MSA and AO when the evidence showed he didn't use their products. Preece and his counsel have now finally acknowledged, through their exhibit list, that they *also* have no evidence supporting their claims against the Supplier Defendants. That has been true since day one of this case, as in Tackett's, Bowen's, and Marcum's.

Counsel knows that dismissing these claims would further highlight how the claims were brought and have been maintained fraudulently and in bad faith, to avoid federal court. Such a confession of bad faith would be "extraordinary,"[76] and no such confession is necessary for this Court to find that bad faith exists. It cannot be the law that bad faith can't be proven absent a dismissal of the claim brought in bad faith.

---

[74]     Complaint at ¶ 6.

[75]     Complaint at ¶ ¶ 31, 34.

[76]     *Cont'l Ins. Co. v. N.L.R.B.*, 495 F.2d 44, 48 (2d Cir. 1974).

Like *Bowen* and *Marcum*, this case lacks even the scant evidence that this Court held in *Williams* was the "bare minimum" to justify remand.[77] There, the plaintiff had at least deposed a witness whose testimony provided a scintilla of "evidence that made a judgment or settlement with MSC more likely."[78] That witness (another of the plaintiff's lawyer's clients) "testified that he remembered that one of the mask suppliers was 'Mine Services.'"[79]

When 3M asked Preece to admit he had no evidence such as that (or anything else) supporting his claims against the Supplier Defendants, he and his counsel refused to answer, further underscoring their bad faith. The exhibit list confirms that Preece has no evidence, and it confirms that Plaintiffs and counsel joined and maintain these claims fraudulently and in bad faith.

## IV.   3M has satisfied the other technical requirements for removal.

This removal meets the technical requirements of joinder, service, and notice. All Defendants consent to removal. The state court record is attached as Exhibit 1 to this notice.[80] And 3M will file a written notice of this removal in Pike Circuit Court, a copy of

---

[77]   *Williams v. 3M Co.*, No. 7:18-cv-63-KKC, 2018 WL 3084710, at *6 (E.D. Ky. June 22, 2018).

[78]   *Id.* at *5.

[79]   *Id.*

[80]   28 U.S.C. § 1446(a).

4883-4808-8360, v. 1

which is attached as Exhibit 19 to this notice. 3M will attach this notice as an exhibit to the state court filing and provide written notice of this removal to Plaintiffs.

* * *

3M gives notice that the above-styled action is removed from the Pike Circuit Court to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville. Plaintiffs are notified to proceed no further in state court.

## <u>CERTIFICATE</u>

This is to certify that on July 9, 2022, there was served upon the Clerk of the Pike Circuit Court a copy of the Notice of Removal of this action, then pending in the Pike Circuit Court, in which said action was designated as Case No. 19-CI-00503, to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville.

Respectfully submitted,

THOMPSON MILLER & SIMPSON PLC


/s/ Byron N. Miller
Byron N. Miller
Michael J. Bender
734 West Main Street, Suite 400
Louisville, KY 40202
Telephone: (502) 585-9900
Facsimile: (502) 585-9993
bmiller@tmslawplc.com
mbender@tmslawplc.com
mhess@tmslawplc.com
mhendricks@tmslawplc.com

And

4883-4808-8360, v. 1

Bryant J. Spann
Robert H. Akers
THOMAS COMBS & SPANN
300 Summers Street, Suite 1380
Charlestown, WV 25301
Telephone: (304) 414-1800
Facsimile: (304) 414-1801
BSpann@tcspllc.com
RAkers@tcspllc.com
JBrowne@tcspllc.com
LGibson@tcspllc.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed this 9th day of July 2022 through the operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  A true and correct copy of the foregoing was also mailed and / or served via electronic mail to the following:

| | |
|---|---|
| Matthew C. Minner<br>Brian M. Vines<br>Minner Vines Moncus<br>325 West Main Street, Suite 210<br>Lexington, KY 40507<br>matt@mvmlaw.com<br>brian@mvmlaw.com<br>sandy@mvmlaw.com<br>tonja@mvmlaw.com<br>*Counsel for Plaintiffs* | Jason Earley<br>Scott A. Powell<br>Christopher S. Randolph, Jr.<br>Tempe D. Smith<br>Hare, Wynn, Newell and Newton, LLP<br>2025 3rd Avenue N., Suite 800<br>Birmingham, AL 35203<br>Jason@hwnn.com<br>Scott@hwnn.com<br>Chris@hwnn.com<br>Tempe@hwnn.com<br>Laura@hwnn.com<br>*Counsel for Plaintiffs* |
| Todd W. Burris<br>Law Office of Todd W. Burris, PLLC<br>PNC Bank Tower<br>301 E. Main Street, Suite 1000-A<br>Lexington, KY 40507<br>todd@toddwburrislaw.com<br>*Counsel for Plaintiffs* | D. Tyler Roberts<br>Roberts Law Office, PLLC<br>PNC Bank Tower<br>301 E Main Street, Suite 1000-C<br>Lexington, KY 40507<br>troberts@rloky.com<br>*Counsel for Plaintiffs* |

4883-4808-8360, v. 1

| | |
|---|---|
| Joseph Lambert<br>Lambert & Lambert, PLLC<br>P.O. Box 989<br>Mt. Vernon, KY 40456<br>lambertjos@gmail.com<br>*Counsel for Plaintiffs* | M. Trent Spurlock<br>Alice A. Jones<br>Dinsmore & Shohl, LLP<br>101 South Fifth Street, Suite 2500<br>Louisville, KY 40202<br>Trent.Spurlock@Dinsmore.com<br>Alice.Jones@Dinsmore.com<br>Brenda.Goodhue@Dinsmore.com<br>*Counsel for Defendant Mine Safety Appliances Company* |
| Charles J. Baird<br>David L. Baird<br>Baird & Baird, PSC<br>162 Second Street<br>P.O. Box 351<br>Pikeville, KY 41502<br>cbaird@bairdandbaird.com<br>dbaird@bairdandbaird.com<br>*Counsel for Defendant Mine Safety Appliances Company* | Robert M. Connolly<br>Carol Dan Browning<br>Whitney Frazier Watt<br>Emily L. Startsman<br>Stites & Harbison, PLLC<br>400 West Market Street, Suite 1800<br>Louisville, KY 40202<br>rconnolly@stites.com<br>cbrowning@stites.com<br>wwatt@stites.com<br>estartsman@stites.com<br>*Counsel for Defendant American Optical Corporation* |
| Patrick W. Gault<br>Napier Gault Schupbach & Stevens PLC3<br>730 West Main Street, Suite 400<br>Louisville, KY 40202<br>pgault@napiergaultlaw.com<br>abury@napiergaultlaw.com<br>*Counsel for Defendants Mine Service Company, Inc. and Kentucky Mine Supply Company* | Madison C. Stewart<br>Dinsmore & Shohl LLP<br>100 W. Main Street, Suite 900<br>Lexington, KY 40507<br>madison.stewart@dinsmore.com<br>*Counsel for Third-Party Defendant Norfolk Southern Railway Company* |

*/s/ Byron N. Miller*
*Counsel for Defendant 3M Company*

4883-4808-8360, v. 1